UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:08CR00471 CEJ (DDN) |
| GEMAEL CHRISHON, | ) |
| Defendant. | ) |

**DEFENDANT GEMAEL CHRISHON'S**
**OBJECTION TO PRESENTENCE INVESTIGATION REPORT**

Comes now defendant Gemael Chrishon, by and through his undersigned counsel, and files the following two (2) objections to the presentence investigation report.

1. Defendant objects to the two (2) level enhancement for the possession of a dangerous weapon at the time of the distribution of narcotics (paragraph 23, page 4).

Mr. Chrishon resides in southern California. He had flown to Missouri on or about March 1, 2006 for purposes of distributing narcotics. He was present at the home of Jerome Chapman at 4225 Athlone, St. Louis, Missouri, when a search warrant was executed by DEA on that date. He was with a young lady in the front bedroom of the Chapman house.

Mr. Chrishon allegedly possessed a Lorcin Model .38 caliber semi-automatic pistol at that time. The weapon was found on the floor of the second bedroom (Mr. Chapman's bedroom). Mr. Chapman later admitted to DEA agents that the monies found in his home, as well as the firearms (including the Lorcin Model L380 firearm referenced above), belong to him (Chapman) and not Chrishon (Exhibit "1").

The loaded magazine of 380 shells found with the Lorcin Model L380 pistol on the floor of Chapman's bedroom was from a make of a Smith and Wesson firearm and <u>would not function</u> in the Lorcin pistol (<u>Exhibit "2"</u>).  The Lorcin Model L380 pistol was fingerprinted by the St. Louis Metropolitan Police Department and no identifiable fingerprints of Mr. Chrishon were found on the weapon (<u>Exhibit "3"</u>).

Mr. Chrishon could not have flown to Missouri with any weapon (one would hope). The lady who was with him at Mr. Chapman's house when interviewed by DEA said nothing about Mr. Chrishon having a pistol in his possession (<u>Exhibit "4"</u>).  Mr. Chapman admits the gun was his and in his bedroom in his house.  The loaded magazine found with the Lorcin .38 did not even function in the weapon.  Finally, Mr. Chrishon, when arrested, was not wearing any gloves, yet his fingerprints are not on the gun and he was in the first bedroom when the gun was found in the second bedroom.

Defense counsel humbly submits these facts do not support a dangerous weapon enhancement.  See, *United States v. Dalton*, 07-3879, 8th Circuit, March 6, 2009.

2.	Mr. Chrishon also objects to the calculation of his criminal history at pages 5, 6, 7 and 8.  This calculation results in a Criminal History Category of IV.

Points were assessed for: (1) driving while suspended when he was 19 years old; (b) driving while suspended when he was 20 years old; (c) driving while suspended again when he was 20 years old; (d) a domestic violence threat at age 21 to Lakacha Rachel who is the mother of his child and with whom he still resides; and (e) a carrying a concealed weapon charge when he was 23 years old.

All five (5) of these criminal matters are misdemeanors. Three (3) are traffic related. One (1) is a domestic quarrel between the mother and father of a child which has subsequently been "patched up."

Mr. Chrishon was between the ages of 19 and 23 at the time of all of these events and the last misdemeanor conviction was in 2004.

Mr. Chrishon humbly submits that his Criminal History Category is overstated under the above facts and circumstances.

Respectfully submitted,

/s/ Ronald E. Jenkins

_____
Ronald E. Jenkins    #7127
10 S. Brentwood Blvd., Suite 200
St. Louis, Missouri 63105
(314) 721-2525
(314) 721-5525 (Fax)
Attorney for Defendant Gemael Chrishon

OF COUNSEL:
JENKINS & KLING, P.C.

Certificate of Service

I hereby certify that on April 14, 2009 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Cristian M. Stevens, Assistant U.S. Attorney

/s/ Ronald E. Jenkins
_____